UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GARDINER ANDERSON,<br><br>                               Plaintiff,<br><br>- against -<br><br>BARSTOOL SPORTS, INC.<br><br>                               Defendant. | Docket No. 18-cv-4257<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Gardiner Anderson ("Anderson" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Barstool Sports, Inc. ("Barstool" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph depicting a school teacher named Frank Schorn. The photograph is owned and registered by Anderson, a New York-based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Anderson is a professional photojournalist having a usual place of business at 44 St. Nicholas Ave., Apt. 3R, Brooklyn, New York 11237-3088.

6. Upon information and belief, Barstool is a foreign business corporation duly organized and existing under the laws of Delaware with a place of business at 15 West 27th Street, New York, NY 10001.

7. At all times material hereto, Defendant has owned and operated the website at the URL: www.barstoolsports.com (the "Website").

8. Barstool is a for-profit entity.

9. Barstool publishes news content.

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

10. Anderson photographed a school teacher named Frank Schorn (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

11. Anderson then licensed the Photograph to the New York Daily News.

12. On February 22, 2016, the New York Daily News ran an article that featured the Photograph on its web edition entitled *EXCLUSIVE: Teacher claims NYC is being anti-Irish by scheduling school event on St. Patrick's Day.* See http://www.nydailynews.com/new-york/nyc-anti-irish-school-event-st-pat-day-suit-article-1.2539354.

13. The New York Daily News included an authorship credit (also known as a "gutter credit") below the Photograph which clearly identified Anderson as the author of the Photograph. A true and correct copy of the New York Post article is attached hereto as <u>Exhibit B</u>.

14. Anderson is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

15. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-010-578, effective as of July 13, 2016 (the "578 Registration"). A true and correct copy of the 578 Registration, as it appears on the Copyright Office's website, is attached hereto as <u>Exhibit C</u>.

**B.     Defendant's Infringing Activities**

16. On February 22, 2016, Defendant ran an article on the Website entitled *Gotta Respect The Hustle of This Teacher Saying That NYC Is Being Anti-Irish By Scheduling Parent-Teacher Conferences On St. Paddy's Day. See* http://www.barstoolsports.com/newyork/gotta-respect-the-hustle-of-this-teacher-saying-that-nyc-is-being-anti-irish-by-scheduling-parent-teacher-conferences-on-st-paddys-day/ (the "Article").

17. Defendant's Article prominently features the Photograph. Screenshots of the Article as it appears on the Website are attached hereto as <u>Exhibit D</u>.

18. Commercial advertisements on Defendant's Website appear adjacent to, below or above the Photograph.

19. Defendant did not license the Photograph from Plaintiff for the Article.

20. Defendant did not have Plaintiff's permission or consent to publish the Photograph on its Website.

21. Upon information and belief, Defendant removed Anderson's authorship credit from the Photograph as it appears in the Article.

22. Defendant is in the publishing industry.

23. Defendant is knowledgeable about licensing photographs.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST BARSTOOL)
(17 U.S.C. §§ 106, 501)

24. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

26. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

27. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

28. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

29. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

30. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be ordered to remove the Photograph from its Website;

3. That Plaintiff be awarded actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph pursuant to 17 U.S.C. § 504(b);

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       May 11, 2018

                                    LIEBOWITZ LAW FIRM, PLLC

                                    By: /s/richardliebowitz
                                        Richard Liebowitz
                                    11 Sunrise Plaza, Suite 305

Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff
Gardiner Anderson*